[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11945
Non-Argument Calendar
_____

D. C. Docket No. 1:13-cv-23010-RSR

HERSSEIN LAW GROUP,

Plaintiff-Appellant,

versus

REED ELSEVIER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 23, 2015)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.


PER CURIAM:

Herssein Law Group ("HLG") appeals the dismissal of its complaint against Reed Elsevier, Inc., the parent company of LexisNexis ("Lexis"). HLG alleged that Lexis breached an End License User Agreement ("ELUA") and a Supplementary Telephonic Technical Support agreement ("STTS") for the Time Matters practice management software. The district court concluded that the EULA permitted Lexis to charge additional amounts for technical support, that the existence of a contract precluded substitute claims, and that HLG failed to identify a breached provision of the STTS. We affirm.

HLG purchased the Time Matters practice management software in 2007 and agreed to be bound by its accompanying EULA. HLG opted to pay a one-time licensing fee ("OTLF"). In 2008, HLG purchased supplementary technical support to assist with operation of the software. In 2009, Lexis amended its policy to require all Time Matters customers to maintain an Annual Maintenance Plan subscription ("AMP") or risk disruption to their service. HLG eventually purchased the AMP, but did so after Lexis's deadline, and as a result incurred a reinstatement fee.

The Court reviews de novo a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008). Questions of contract interpretation are questions of

2

law and also subject to de novo review.  Gibbs v. Air Canada, 810 F.2d 1529, 1533 (11th Cir. 1987).

First, HLG argues in Count II that the 2007 EULA does not permit Lexis to charge additional costs for technical support.  The relevant text of the EULA states:

> LexisNexis may, at its sole option, make available to You technical support ("Technical Support") for error diagnosis purposes . . . .  If you paid a OTLF for the Software, Service Releases may be included with Your purchase of Technical Support service.  You are entitled to 30 days . . . [of] telephone technical support to assist you with installation matters.  Version Upgrades are available at additional cost unless You have licensed the Software within 30 days of a new Version Upgrade release and you request the Version Upgrade.

HLG focuses on the "additional cost" and contends that term applies only to software upgrades and not technical support service; thus, the EULA prohibited Lexis from charging additional fees for technical support.  We disagree.  Quite to the contrary, Lexis reserved the right to make available technical support on its own terms.  Furthermore, Lexis limited to thirty days the support with respect to installation matters that was included with the EULA, thus expressly indicating that the EULA did not include perpetual no-additional-cost technical support.

HLG next argues that it may succeed on a claim of unjust enrichment notwithstanding the express agreement.  In Ohio,[1] "absent fraud, illegality, or bad faith, a party to an express agreement may not bring a claim for unjust

_____

[1] The contractual relationship dictated choice of Ohio law.

3

enrichment." Urban Assocs., Inc. v. Standex Elecs., Inc., 216 F. App'x 495, 512 (6th Cir. 2007).  HLG argues that it is a question of fact whether Lexis' actions rose to the level of fraud or bad faith, and therefore that it was inappropriate to dismiss on the pleadings.  However, HLG's Second Amended Complaint contains only conclusory allegations as to Lexis's bad faith, fraud, and illegality, and conclusory allegations fail the standard of Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations omitted)).

Finally, HLG argues that its claim for breach of the STTS agreement (Count I)  is sufficiently plead and need not be detailed as the district court required.  "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." Harris v. Am. Postal Workers Union, 198 F.3d 245 (6th Cir. 1999).  The Sixth Circuit, in a breach of contract case originating from Ohio, concluded that a failure to attach the actual contract coupled with a failure to cite to specific language doomed the claim pursuant to the standards of Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).  Northampton Restaurant Grp., Inc. v. FirstMerit Bank, N.A., 492 F. App'x 518, 521-22 (6th Cir. 2012).  A plaintiff may not use

4

discovery to locate the contracts in question after filing a suit.  <u>Id.</u> at 522.  Thus,

HLG has failed to allege its claim for breach of the STTS with sufficient

specificity to survive dismissal pursuant to Federal Rule of Civil Procedure

12(b)(6).

AFFIRMED.